**Donald Edwin KLEIN, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

**Civ. A. No. 921–65.**

United States District Court
District of Columbia.

June 22, 1966.

John P. Murphy, Washington, D. C., for plaintiff.

Joseph Schimmel, Sol., Jere W. Sears, U. S. Patent Office, Washington, D. C. (of counsel), for defendant.

## FINDINGS OF FACT

JACKSON, District Judge.

1. This is an action under 35 U.S.C. § 145 wherein plaintiff seeks an order authorizing defendant to issue a patent on his application Serial No. 99,932, filed March 31, 1961, for "Rider Rings," containing claims 1–13 thereof.

2. Plaintiff's invention is clear from representative Claim 10, which reads as follows:

> "10. A rider ring carried by a piston comprising a continuous cylindrical body having an inside diameter less than that of the piston, said ring being disposed on the piston under tension, said rider ring being formed of tetrafluoroethylene and a filler material, whereby said rider ring is characterized by a low co-efficient of friction and a high co-efficient of thermal expansion."

3. As evidence of the prior art, defendant relies upon the following United States patents:

Russell 2,862,736 Dec. 2, 1958
Snyder 2,727,797 Dec. 20, 1955
Flick 2,970,871 Feb. 7, 1961

4. Russell discloses a continuous plastic back-up ring 22 mounted on a step within a piston groove. This ring forms a "close fit" with the bottom wall of said step, and is preferably made out of "Teflon," which has "a low co-efficient of friction and will slide easily against the cylinder wall." Its geometric form is the same as that disclosed by plaintiff for his rider ring. "Very little" clearance may be provided for the Russell ring, as would be the case for a rider ring.

5. Snyder discloses split guide or bearing rings 82 disposed in circumferential grooves adjacent the ends of a piston, and spaced from sealing rings 81 also carried by the piston. The guide rings 82 are "of micarta or similar wear resistant inert material." They are "rider rings," within the broad meaning of the term as defined in plaintiff's specification. There, plaintiff states

"The rider ring is known in the art variously as a 'bull' ring, wear ring, support ring, bearing ring, etc., all describing essentially the same device."

6. Flick discloses continuous sealing rings stretch-fitted onto the bottoms of circumferential recesses in a piston. The rings may be made of "Teflon (Teflon being the trademark belonging to DuPont for tetrafluoroethylene plastic)."

7. The Court agrees with the view taken by the primary examiner and Board of Appeals, viz. that the structure defined by the claims is either fully met by Russell or would be obvious to one of ordinary skill in the art, particularly in view of Russell. The "close fit" of Russell's continuous Teflon ring on his piston with "very little" clearance suggests an interference or stretch fit for a rider ring. In any event, Flick shows a tensioned fit for a continuous Teflon ring on a piston to be old in the art. Plaintiff has conceded that his filler materials for Teflon rings carried by pistons are old.

8. Additionally, the Court thinks it would be obvious to one of ordinary skill in this art to substitute a continuous stretch-fitted Teflon ring for Snyder's split guide rings 82. The known low coefficient of friction for Teflon would recommend its use as a substitute bearing material. Also, Flick indicates the feasibility of stretch fitting a continuous ring of Teflon onto a piston. No unusual or surprising consequences are present here. Moreover, neither plaintiff's claims nor his specification preclude use of his rider rings for light weight, low temperature service, exemplified by Snyder.

9. The modest commercial acceptance of plaintiff's rider rings is noted. However, the Court has no doubt concerning the unpatentability of the claims, so that even a more impressive showing of commercial success would not be persuasive of patentability here.

## CONCLUSIONS OF LAW

1. Claims drawn to structure must distinguish from prior art in terms of structure rather than function. In re Piazze, et al., 230 F.2d 426, 43 CCPA 812 (1956), In re Gregg, 244 F.2d 316, 44 CCPA 904 (1957).

2. Claims 1–13 of the application in suit are unpatentable over prior art. 35 U.S.C. § 103.

3. The complaint should be dismissed.